ELIZABETH TAYLOR *v.* SANDERS BRADFORD.

MASTER AND SERVANT. *Personal injuries. Declaration. Defective machinery. Vice principal.*

A declaration states a cause of action which avers that plaintiff was a novice in the use of machinery, was employed by defendant, who knowingly furnished her defective appliances with which to work, assuring her that they were in good condition and on which assurances she relied, though a necessary fender was missing, and while plaintiff was engaged, the machinery being at rest, in cleaning it the defendant, without warning to plaintiff, negligently started the machinery in motion, whereby she was injured because of defendant's so starting the machinery and the absence of the fender; although it be shown by the pleading that the defendant acted through a vice principal.

FROM the circuit court of Lowndes county.

HON. EUGENE O. SYKES, Judge.

Mrs. Taylor, appellant, was the plaintiff in the court below; Bradford, appellee, was defendant there. From a judgment of the court below sustaining defendant's demurrer to plaintiff's declaration the plaintiff appealed to the supreme court.

Bradford, appellee, was a young gentleman of fortune, whose disability of infancy had been removed by decree of the chancery court, so that he could go into business. He did so, soon after obtaining said decree, and entered upon a steam laundry enterprise. He had money, but not experience or knowledge touching the business. Therefore, he employed one Zachariah Hartzell, who was without money, but claimed to have the necessary experience and knowledge. Defendant, appellee Bradford, had nothing to do himself with the management of the enterprise, but placed Hartzell in full charge of the laundry, constituting him a vice principal in the full sense of the term. The injuries to plaintiff and this suit soon followed. The acts of defendant charged in the declaration were all done and per-

formed by him through Hartzell, the vice principal. The other averments of the declaration are fully stated in the opinion of the court.

*Orr & Harrison,* for appellant.

The declaration makes out a clear case of liability on the part of Bradford under the most stringent test of the common law. The declaration alleges that plaintiff was a novice, inexperienced in the machinery of a steam laundry; that defendant had employed one Hartzell "as vice principal, general manager, and foreman," thus placing Hartzell in charge of everything.

That plaintiff called Hartzell's attention to the fender which was not in its proper place as she thought, but this man, who really stood in the stead of Bradford, assured her that the fender was not needed, and she, trusting in his superior knowledge of machinery, lost the use of her arm for life.

"The law remembers that the respective situations of the master and servant are unequal, and excuses the servant for deferring to the superior judgment of the master."

The declaration says Hartzell was master. 2 Thompson on Negligence (1st ed.), pp. 975, 1029, and cases cited in the note.

If Mrs. Taylor, who lost the use of an arm for life, has no case under her statement of facts, all operatives in mills, factories and other industries using the dangerous power of steam, are to be pitied.

*Z. P. Landrum,* for appellee.

It is apparent from the declaration that appellant was injured by one who stood in the relation of fellow-servant to her. If the act of Hartzell, the alleged foreman and manager, was negligence, such negligence within the fellow-servant rule was a risk which, in law, she assumed upon accepting the service. *Petty* v. *Ry. Co.,* 67 Miss., 259, 260; *Lagrone* v. *Mobile, etc., R. R. Co.,* 67 Miss., 596.

We have here two employes of a common master, engaged in

the common employment of running the same steam laundry. When the injury occurred, they were both engaged in merely operative service. They were fellow-servants. Difference in pay, or department or rank, does not change the relation; they had a common master, a work in common, and at the time of the injury were co-operating in the purely operative service of running a steam laundry; an injury to one resulting from an alleged negligent act of the other is, then, within the rule, the result of the assumed risk of both, and cannot be made the basis of recovery in damages against the common employer. *Petty* v. *Ry. Co.,* 67 Miss., 259; *Lagrone* v. *Mobile, etc., R. Co.,* 67 Miss., 596; *Fitzgerald* v. *Paper Co.,* 31 Am. St. Rep., 537; *Coal Co.* v. *Muir,* 46 Am. St. Rep., 299; *Harker* v. *Railroad Co.,* 54 Am. St. Rep., 242; *Wagner* v. *Joyner,* 30 Am. St. Rep., 745; *McQuirk* v. *Shattuck,* 39 Am. St. Rep., 456; *Breckenridge* v. *Hicks,* 42 Am. St. Rep., 361; *Rogan* v. *Railroad Co.,* 37 Am. St. Rep., 336; *Meader* v. *Lakeshore Railroad Co.,* 46 Am. St. Rep., 384; *New P. C. Co.* v. *Patton,* 43 Am. St. Rep., 327; *Chicago Railroad Co.* v. *K.,* 43 Am. St. Rep., 259.

Nor does an allegation, the object of which is to create the distinction of vice principal, change the rule. Independent of organic and statutory enactment as to corporations, the doctrine of vice principal has never obtained in this state. A foreman or manager is still a fellow-servant in this state, so long as the employment is common, the employer common, and the presumed vice principal is engaged in mental service, or the merely operative service of a common general employment, to which the joint activities of all the employes are directed.

But we will assume, for argument's sake, that Hartzell, the foreman here, was for general purposes a vice principal, or superior agent, and that the doctrine of vice principal is in force in this state. It is still the rule that though the vice principal in fault sustain the general relation of vice principal, yet when he steps down from the superior relation and descends to the plane of a fellow-servant and injury results to his under-

ling while he himself is engaged in the work of an underling, and from the negligence of which he is guilty in his new character, he is no longer vice principal, but, as to the very act in question, a fellow-servant, and the rule applies.

TRULY, J., delivered the opinion of the court.

The demurrer to the declaration admitted all the relevant facts well pleaded therein. Therefore, for the purposes of this decision, the following are to be accepted as true: That appellant was a novice in the use of machinery; that the appliances furnished for her use were defective, and that her vice principal knew of this condition; that Hartzell, her vice principal, occupied, as to her, the attitude of master; that he was an expert in all the different departments of the work, including the machinery, and that she relied upon his superior knowledge, and his assurance that the missing fender was not needed; that she was properly engaged in the work of the master, cleaning one of the appliances, a task which, in itself, was not dangerous, as the machinery at the time was not in operation, when Hartzell, who was the master present, without notice or warning, started the machinery, and she was seriously and permanently injured; that the negligence and gross carelessness of the representative of the master there present, and the defective condition of the appliances furnished by the master, were the proximate cause of injury inflicted on her. The declaration states a cause of action, which, if sustained by proof, would entitle the appellant to recover, and the demurrer should have been overruled.

*Reversed and remanded.*